UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-00901-SVW | Date | November 2, 2022 |
|---|---|---|---|
| Title | *Donald Renfro v. Jesus G. Bernal* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     ORDER DISMISSING CLAIMS AGAINST DISTRICT COURT JUDGE

## I.     Introduction

Plaintiff Donald Renfro, III ("Plaintiff) is an inmate currently incarcerated at West Valley Detention Center ("West Valley").   On August 17, 2021, proceeding *pro se*, Plaintiff filed a civil rights complaint against West Valley.   Dkt. 1.[1]   The complaint is difficult to decipher, but from what the Court can discern, Plaintiff's complaint relates to his placement in solitary confinement in retaliation "for filing complaints"; his placement in a cell with an inmate he "had problems with"; the "use of excessive force"; "prosecutorial misconduct" based on the refusal to "subpoena evidence," provide information, and conduct a "proper invesigation"; and the denial of the "same privilieages and rights as other inmates."  *See* Dkt. 10.

Since the filing of his complaint, Plaintiff has made three amendments to his complaint.   Dkt. 6, 9, 14.   In his Second Amended Complaint ("SAC"), Plaintiff included among others, Magistrate Judge Early based on his prior ruling dismissing Plaintiff's First Amended Complaint.   Specifically, Plaintiff alleges that "[t]he defendant is sued in his/her individual capacity due to ability to use judicial power to subpeana evidence and neglect to provide equal protection of the law." Id. at 6.   Subsequently, Judge Bernal issued an Interim Dismissal Order, dismissing Plaintiffs claims against Magistrate Judge Early with Prejudice.   See Dkt. 10.

---

[1] Because the relevant prior proceedings were handled under the supervision of Judge Bernal, the docket citations refer to the docket of *Donald Renfro, III v. West Valley Detention Center Classification Staff*, et al, No. 5:21-cv-01414-JGB-JDE.

_____  :  _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-00901-SVW | Date | November 2, 2022 |
|---|---|---|---|
| Title | *Donald Renfro v. Jesus G. Bernal* | | |

In Plaintiffs Third Amended Complaint ("TAC"), Plaintiff then included Judge Bernal as a defendant asserting based on Judge Bernal's dismissal of Plaintiff's claims against Magistrate Judge Early.   Plaintiff alleged that Judge Bernal's "refusal to provide court order to law library to accurately provide defense in order to properly litagate pro se litagation of claim still and dismissing with prejudice which shows bias to further litagate claim within habeas corpus means." *Id.* at 4.   In response, Judge Bernal issued an order severing the portion of the case against him as a new case, retaining the rest of the case.   Dkt. 19.

## II.    Legal Standard

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court must dismiss a complaint filed by a prisoner seeking redress from government defendants or a person proceeding IFP if such complaint, among other things, fails to state a claim upon which relief may be granted.

To survive dismissal, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

When a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations and internal quotation marks omitted)). In giving liberal interpretation to a *pro se* complaint, however, the court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), and the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

_____ : _____
Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-00901-SVW | Date | November 2, 2022 |
|---|---|---|---|
| Title | *Donald Renfro v. Jesus G. Bernal* | | |

If the court finds that a *pro se* complaint fails to state a claim, the court must give the *pro se* litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (internal quotation marks omitted); Lira v. Herrera, 427 F.3d 1164, 1176 (9th Cir. 2005). However, if amendment of the pleading would be futile, leave to amend may be denied. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014).

### III.   Discussion

Upon review of Plaintiff's TAC and the relevant law, the Court finds that dismissal is warranted.

"Federal judges are absolutely immune from civil liability for acts performed in their judicial capacity." *Austin v. Chesney*, No. C 22-02506 WHA, 2022 WL 3205196, at *1 (N.D. Cal. July 1, 2022); *see Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 1388 (quoting *Stumpman v. Sparkman*, 435 U.S. 349, 356-357 (1978)). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Id.* at 1389.

Plaintiff claims against Judge Bernal are based on Judge Bernal's summary dismissal of Magistrate Judge Early with prejudice and without providing Plaintiff a court order to access the law library to research the matter. Dkt. 14 at 4 ("refusal to provide court order to law library to accurately provide defense in order to properly litagate pro se litigation of claim still and dismissing with prejudice which shows bias to further litagate claim within habeas corpus means.").

These allegations clearly relate to conduct that Judge Bernal allegedly undertook as a judicial officer, and, accordingly, arise from the exercise of judicial functions. The TAC fails to set forth any factual allegations showing that Judge Bernal acted in the "clear absence of all jurisdiction." *See O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369-70 (9thCir. 1981) (judicial action is taken in the "clear absence" of jurisdiction only when judicial officers "rule on matters belonging to categories which the law has expressly placed beyond their purview").

_____ : _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-00901-SVW | Date | November 2, 2022 |
|---|---|---|---|
| Title | *Donald Renfro v. Jesus G. Bernal* | | |

Accordingly, Judge Bernal is entitled to absolute judicial immunity and any claims against him must be dismissed.   Moreover, because amendment would be futile, dismissal with prejudice is warranted.

**IV.      Conclusion**

For the foregoing reasons, Plaintiff's claims against Judge Bernal are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

PMC